**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| CHARLIE LEE JONES, | : |
| Plaintiff | : |
| v. | : 1:06-CV-40 (WLS) |
| CHEVENE B. KING, JR., | : |
| Defendant | : |

**ORDER**

Before the Court is Plaintiff's Motion for Summary Judgment (Doc. 17) and Defendant's Motion for Extension of Time. (Doc. 40). For the following reasons, Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED**; and Defendant's Motion for Extension of Time (Doc. 40) is **DENIED AS MOOT**.

**DISCUSSION**

**I.  Summary Judgment Standard**

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is "genuine" if the quantum and quality of proof necessary to support liability under the claim is raised. Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997). A fact is "material" if it hinges on the substantive law at issue and it might affect the outcome of the nonmoving party's claim. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); *see also* Allen, 121 F.3d at 646. A judgment is appropriate "as a matter of law" when the nonmoving party has failed to meet its burden of persuading the Court on an essential element of the claim. *See* Cleveland v. Policy Management Sys. Corp., 526 U.S. 795, 804 (1999); Celotex, 477 U.S. at 323.

The movant bears the initial burden of showing that there is no genuine issue of material fact.

1

Celotex, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing, or by pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id*. at 324. To avoid summary judgment, the nonmoving party must do more than summarily deny the allegations or "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. Celotex, 477 U.S. at 322-23; Allen, 121 F.3d at 646. However, the Court must grant summary judgment if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## II.     Factual Summary[1]

It is undisputed that on or about August 2, 2002, Plaintiff hired Defendant to appeal from misdemeanor convictions for failure to produce and/or obtain a Georgia driver's license. (Docs. 17, 22). The parties agree that Plaintiff paid Defendant a fee in the amount of $1,250.00. *Id*. Plaintiff maintains that this fee was to secure services related to reversal of the aforementioned convictions and to recover any unlawfully collected fines and surcharges based thereupon. (Doc. 17). Defendant, on the other hand, maintains that the fee was solely for services related to the task of prosecuting the appeal. (Doc. 22). It is, however, without dispute that on May 25, 2005, the Superior Court of Clay County, Georgia, sitting in its appellate capacity over the Municipal Court, reversed the subject

---

[1] Plaintiff's statement of fact number 4 consists in part of a statement of law regarding *ante litem* notices to recoup fines and surcharges and in part of a purported material statement of fact that Defendant appropriately notes is unsupported by any evidence whatsoever. (*See* Doc. 17, Exh. 2). Neither a statement of law nor an unsupported allegation sufficiently constitutes a material fact for summary judgment purposes. Accordingly, Statement number 4 is not considered in connection with this motion. Statements numbered 6-12 essentially consist of arguments and legal conclusions regarding the weight of previous facts and therefore cannot be weighed favorably for granting Plaintiff's motion.

2

convictions. (Docs. 17, 22). Defendant never provided the City of Fort Gaines, Georgia, with an *ante litem* notice to recover the fines and surcharges then at issue. (Doc. 17). As a result, Plaintiff is without remedy to pursue recoupment of said fines and surcharges.[2] *Id*.

## III.     Analysis

Upon review of the parties' submissions, and most specifically Plaintiff's brief and statement of material facts, it cannot be found that Plaintiff has satisfied his burden of showing that he is entitled to judgment as a matter of law. Based on the admissible facts presented by Plaintiff, it can merely be found that there is a dispute regarding whether the parties had an agreement that Defendant was to seek collection of the fines and surcharges then at issue. In this motion, Plaintiff has submitted no admissible facts, and arguably no cognizable arguments, that could support a finding that Defendant committed malpractice or fraud, or alternately, acted negligently to the detriment of Plaintiff as a matter of law. Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED**.

## IV.     Defendant's Motion for Extension of Time

As the Court, by its April 11, 2007 order, extended the discovery period in this case until June 4, 2007 and extended the deadline for submission of dispositive motions until July 5, 2007, (Doc. 42) Defendant's instant motion for extension of time (Doc. 40) is **DENIED AS MOOT.**

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. 17) is **DENIED**; and Defendant's Motion for Extension of Time (Doc. 40) is **DENIED AS MOOT**.

**SO ORDERED**, this   23rd   day of April, 2007.

                                                                 /s/W. Louis Sands                         
                                                                **THE HONORABLE W. LOUIS SANDS,**
                                                                **UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that Defendant submitted a statement of disputed material facts in which he both disputed Plaintiff's proffered facts and submitted additional facts to which Plaintiff has not responded. (*See* Doc. 22). In light of the fact that Plaintiff bears the burden upon moving for summary judgment to show entitlement to judgment as a matter of law based on the facts he asserts, and that for the reasons below, it cannot possibly be held that he did so, the Court finds it unnecessary to discuss Defendant's supplemental allegations of fact. *See infra* Part II.